**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                            :
CURTIS CONOVER,             :        Civil No.  11-1614 (JBS)
                            :
          Petitioner,       :
                            :
     v.                     :        OPINION
                            :
UNITED STATES OF AMERICA,   :
et al.,                     :
                            :
          Respondents.      :
_____:
```

**APPEARANCES:**

> CURTIS CONOVER, Petitioner pro se
> # 31462-160
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640
>
> PAUL J. FISHMAN,
> United States Attorney
>      By:  IRENE E. DOWDY, AUSA
> OFFICE OF THE UNITED STATES ATTORNEY
> 401 Market Street, 4th Floor, P.O. Box 2098
> Camden, New Jersey  08101
>      Counsel for Respondents

**SIMANDLE, Chief District Judge:**

On March 23, 2011, Petitioner, Curtis Conover

("Petitioner"), a federal prisoner confined at F.C.I. Fort Dix in

Fort Dix, New Jersey, filed this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241, challenging his sentence

computation by the Bureau of Prisons ("BOP"), and seeking fifteen

(15) months jail credit towards his federal sentence.  The named

respondent is the United States of America and Warden Donna Zickefoose at F.C.I. Fort Dix (hereinafter, the "Government").

The Government submitted a response to the petition with the relevant record, and Petitioner filed a reply or traverse thereto.  This Court has thoroughly reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition.

## I.  BACKGROUND

On January 14, 2009, Petitioner was sentenced in the United States District Court for the Northern District of Ohio to 120 months imprisonment with a five-year term of supervised release on his federal conviction for possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Petitioner's projected release date from federal custody is September 21, 2017, assuming he receives all good conduct time ("GCT") available to him under 18 U.S.C. § 3624(b).  (See Respondents' Declaration of Tara Moran, Exhibit 1).

On September 15, 2005, Petitioner was arrested by state authorities in Beaver County, Pennsylvania, on narcotics charges involving heroin. He remained in state custody until October 11, 2005.  (Respondents' Declaration of Helen Ramsdell, Correctional Programs Specialist, Bureau of Prisons ("BOP") Designations and

Sentence Computation Center ("DSCC"), ¶ 3). Thereafter, on June 27, 2006, Petitioner was arrested by the Newark Police Department in Newark, New Jersey, and was released on bail that same day. (Ramsdell Decl., ¶ 9).

On September 4, 2007, Petitioner was arrested again by Beaver County, Pennsylvania authorities, for his failure to appear on the state charges noted above. Petitioner remained in state custody, and on September 12, 2007, he was sentenced to a prison term of 16 to 32 months for his state offense of possession with intent to deliver (heroin). (Ramsdell Decl., ¶ 3).

While Petitioner was in state custody, on September 25, 2007, a three-count federal indictment was filed against him in the United States District Court for the Northern District of Ohio, on the crack cocaine charges noted above. (Declaration of Respondents' Counsel at Ex. 3, namely, the docket sheet at entry no. 1, United States v. Curtis Conover, U.S.D.C., N.D. Ohio, Case No. 4:07CR495). On October 2, 2007, the Northern District of Ohio issued a writ of habeas corpus ad prosequendum to the Warden at SCI Camp Hill, Camp Hill, Pennsylvania, where Petitioner was then in custody. On October 15, 2007, the United States Marshals Service ("USMS") took temporary custody of Petitioner pursuant to the writ. (Ramsdell Decl., ¶ 4).

On May 2, 2008, Petitioner pled guilty to three counts of his federal indictment in the Northern District of Ohio. (Resp. Counsel Decl., Ex. 3 at entry no. 25). Petitioner was sentenced on January 14, 2009, before the Honorable Kathleen M. O'Malley, U.S.D.J. in the United States District Court for the Northern District of Ohio, Eastern Division.

At the June 14, 2009 sentencing hearing, Judge O'Malley addressed several matters and arguments raised by Petitioner's counsel in the sentencing memorandum. First, the court sustained Petitioner's objection to a proposed two-point increase in the base offense level for a firearm found at Petitioner's alleged residence. (Ramsdell Decl., Ex. 7, June 14, 2009 Sentencing Transcript at P7:L22-13:2). The court then rejected Petitioner's request for a sentence below the statutory mandatory minimum on a theory of "sentence entrapment" as to the quantity of cocaine that could be properly charged to Petitioner. (Id., 17:5-22:19).

Next, the sentencing court addressed Petitioner's request for a two-day credit for every day served at the Northeast Correctional Center pending disposition of his federal charges because of the harsh conditions of confinement. Petitioner's counsel had conceded that a downward variance under the United States Sentencing Guidelines ("USSG") § 5K2.0, based on the alleged conditions in jail and Petitioner's participation in a drug treatment program, would not be available when a statutory

4

mandatory minimum sentence was required.  (<u>Id.</u>, 16:10-17).  The
court also stated that, in other cases, it had concluded that
there was no basis for "super credit" for time housed in the
Northeast Correctional Center.  (<u>Id.</u>, 29:13-16).  Consequently,
as a separate argument, Petitioner's counsel asked that
Petitioner be given credit back to the date of his arrest on the
Pennsylvania state court charge, and to include all the time
Petitioner had spent at the Northeast Correctional Center.  (<u>Id.</u>,
23:9-24:16; 26:8-13).

Petitioner's counsel confirmed that the Pennsylvania state
court felony conviction was for possession of heroin (not
cocaine) with intent to deliver.  He also confirmed that the
actual date of the federal offense for which Petitioner was being
sentenced was March 23, 2006, before Petitioner's arrest and
sentencing on the Pennsylvania state offense.  (<u>Id.</u>, 24:19-
25:25).  The sentencing court then clarified Petitioner's
counsel's arguments as requesting: (1) that the court run the to-
be-imposed federal sentence on the federal offenses involving
cocaine concurrent with the previously-imposed state sentence for
unrelated heroin offenses); and (2) that the court give credit
against the to-be-imposed federal sentence for the time that
Petitioner had been held at the Northeast Correctional Center on
the federal writ of habeas corpus ad prosequendum.  (<u>Id.</u>, 26:2-
27:25; 29:11-31:5).

In ruling on the sentencing requests, the court colloquy follows:

> THE COURT: Okay.  Mr. Lonardo, given the length of these sentences, I don't have a theoretical problem with saying the Defendant should be given credit for having been in federal custody, but I don't think I can say that. In other words, he was here on a writ.  He hasn't been technically in federal custody.  He has been offered over to the federal government for purposes of prosecution of this case. ...
>
> ...
>
> THE COURT: ... So that the Defendant isn't technically in federal custody.  Even now he is here on a writ.  Having said that, I will make this concurrent with the state sentence, and the Bureau of Prisons can figure that out.
>
> MR. LONARDO: Thank you, Judge.
>
> THE COURT: So at a minimum, whatever time he has left on the state sentence will be counted against this sentence.
>
> MR. LONARDO: Thank you, Judge.
>
> THE COURT: And it may be that the Bureau of Prisons will believe that it is appropriate to give him additional credit for that, and they would have the authority and discretion that I don't have to do that.
>
> MR. LONARDO: I understand.
>
> THE COURT: So I will simply say that he should get credit for time served in federal custody, and let the Bureau of Prisons figure out what that is to the extent it has existed, and I will say that the two sentences should run concurrent.
>
> And again, I will let the Federal Bureau of Prisons determine what that means.  But it is clear that he will receive some benefit from those conclusions.

(Id., 31:15-32:23).

Accordingly, the court imposed the following sentence:

> ... So pursuant to the Sentencing Reform Act of 1984 to 18
> U.S.C. § 3553(a) and to the statutory mandatory minimum that
> is applicable in this case, the Defendant is hereby
> committed to the custody of the Bureau of Prisons to be
> imprisoned for a term of 120 months.
>
> The Defendant will receive credit for time served in federal
> custody, and I will leave it up to the Federal Bureau of
> Prisons to calculate that credit.  The Defendant - the Court
> will also run this sentence concurrent with the current
> sentence that he is serving in Pennsylvania.

(<u>Id</u>., 34:5-15).

The Judgment and Commitment Order states that the 120 month federal term of imprisonment is to "run concurrent with sentence imposed in State case #2343-2005, Beaver County Court of Common Pleas, Beaver, PA."  The Judgement and Commitment Order also states that the sentencing court made the following recommendations to the BOP: "The defendant shall be designated for placement at FCI Fort Dix, NJ.  The defendant shall receive credit for time served in Federal custody."  (Ramsdell Decl., ¶ 5 and Ex. 3 - Judgment and Commitment Order at pg. 2).

On February 17, 2009, the USMS returned Petitioner to Pennsylvania state authorities.  (Ramsdell Decl., ¶ 6).  On January 13, 2010, the Pennsylvania Board of Probation and Parole released Petitioner pursuant to his federal detainer.  (Ramsdell Decl., ¶ 7, Ex. 4).  On March 16, 2010, Petitioner was committed to the custody of the BOP.

Immediately after he was sentenced in federal court on January 14, 2009, on January 21, Petitioner appealed his federal

sentence.  (Resp. Counsel Decl., Ex. 3, docket entry no. 38).  On September 29, 2010, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of conviction and sentence. (Id., docket entry nos. 54 and 55, dated September 29, 2010 and October 27, 2010, respectively).  In addition, Petitioner filed a post-sentencing motion in the District Court for "Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense," which was denied on August 10, 2010.  (Id., docket entry nos. 49 and 52, dated February 27, 2010 and August 10, 2010, respectively).

The Government states that the BOP staff at the Designation and Sentence Computation Center ("DSCC") has reviewed this habeas petition and Petitioner's sentence computation has been audited and corrected.  (Ramsdell Decl., ¶¶ 1, 2 and 9).  Because the sentencing court had directed that Petitioner's federal sentence run concurrent with his earlier-imposed state sentence, the DSCC made a nunc pro tunc designation of the state prison facility where Petitioner had been serving his state sentence, as the place of service for his federal sentence.  Accordingly, the DSCC had computed Petitioner's federal sentence as commencing on the date it was imposed, January 14, 2009.  (Ramsdell Decl., ¶ 8 and Exs. 5 and 6).

Next, the DSCC granted a total of nine (9) days presentence custody credit to be applied to Petitioner's federal sentence as

8

follows: (1) a one-day credit for the June 27, 2006 date that Petitioner was arrested by the Newark Police and released on bail; and (2) eight (8) days credit for the period from September 4, 2007 (the date of Petitioner's arrest by state authorities) through September 11, 2007 (the date before commencement of Petitioner's state sentence), pursuant to Willis v. United States, 449 F.2d 923 (5th Cir. 1971).  The DSCC further determined that all of the remaining time that Petitioner spent in official custody, after the date of his federal offense (March 23, 2006) and before his federal sentence was imposed (January 14, 2009), had been credited to Petitioner's state sentence, and therefore, it cannot be credited against Petitioner's federal sentence because it would be "double credit", which is prohibited under 18 U.S.C. § 3585(b).  (Ramsdell Decl., ¶¶ 8, 9 and Ex. 6).

Petitioner exhausted his administrative remedies, pursuant to the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10 et seq., with respect to his request for an additional 15-month prior custody credit for the period from October 15, 2007 through January 13, 2009.  (Moran Decl., ¶¶ 3, 4 and Ex. 2).

## II.   CLAIMS PRESENTED

Petitioner seeks credit for the time period between October 15, 2007 through January 14, 2009, for a total of 15 months prior custody credit.  He claims that the sentencing judge had intended that this credit be applied to Petitioner's federal sentence.

He also argues that this 15-month credit can be accomplished by the BOP making a nunc pro tunc designation of the state institution for service of his federal sentence. Petitioner further refers to the USSG § 5G1.3 as a basis for this award of prior custody credit. He also cites to United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999), which held that the district court has authority to grant sentencing credit against a federal sentence for the period of time that defendant spent in state custody on a state sentence prior to sentencing by the federal district court.

III. ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition is construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

10

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Petitioner does not challenge the imposition of the sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for the full time served in state custody, and because he was confined in New Jersey at the time he filed his petition. See Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal

11

sentencing is cognizable under § 2241);  See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991)(challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

B.   Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b) that has not been credited toward another sentence; and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that prior time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329 (1992).

13

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrent to a state sentence. Section 3584 provides:

(a) Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) Factors to be considered in imposing concurrent or consecutive terms. - The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) Treatment of multiple sentence as an aggregate. - Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002)(sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving).

C.   Commencement of Petitioner's Federal Sentence

14

As noted above, Title 18 of the United States Code, Section 3585(a) states:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Here, this Court finds that Petitioner's federal sentence commenced on the date it was imposed, January 14, 2009. Petitioner argues that he was in federal custody on October 15, 2007, when he was transported by the USMS to a correctional center in the Northern District of Ohio pursuant to a writ of habeas corpus ad prosequendum that had been issued by the United States District Court for the Northern District of Ohio to answer the federal charges against Petitioner.  However, at that time Petitioner was actually in the custody of state authorities, serving his state sentence.

Generally, the sovereign which first arrests an individual acquires primary jurisdiction for purposes of trial, sentencing, and incarceration.  The arresting sovereign retains primary jurisdiction unless it relinquishes it by (1) releasing the prisoner on bail; (2) dismissing the charges; (3) releasing the prisoner on parole; or (4) the expiration of the sentence. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); Chambers v. Holland, 920 F. Supp. 618, 622 (M.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).  A sovereign does not relinquish

authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus *ad prosequendum*.  See Cole, 416 F.3d at 896-897; Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991); Chambers, 920 F. Supp. at 622.

In this case, Petitioner appears to contend that the federal government had assumed primary jurisdiction over him while he was detained pursuant to the writ of habeas corpus ad prosequendum during his federal criminal proceedings, and therefore, the relevant time period between October 15, 2009 through January 14, 2009 should count towards service of his federal sentence.  He makes this argument because the sentencing judge had ordered Petitioner's federal sentence to run concurrently with the non-federal sentence he was serving at the time of his federal sentencing.  However, this Court observes from the pertinent sentencing transcript that the sentencing judge did expressly find that Petitioner was not in federal custody while he was detained in a state facility on a writ of habeas corpus ad prosequendum.  (June 14, 2009 Sentencing Transcript at 31:15-32:3, Ramsdell Decl. at Ex. 7).

Thus, because the sentencing court expressly stated that Petitioner's sentence was to run concurrently with his state sentence, the BOP correctly designated, nunc pro tunc, the non-federal correctional facility for service of Petitioner's federal sentence from the date it was imposed, on January 14, 2009, so as

16

to achieve the intent of the sentencing court and allow the federal sentence to commence accordingly.  Accordingly, this Court finds that the BOP's determination as to the commencement of Petitioner's federal sentence is consistent with § 3585(a). Petitioner's federal sentence commenced on the day it was imposed, as he was on that date still in the primary jurisdiction of the Commonwealth of Pennsylvania serving his state sentence and his federal sentence could not start any earlier than the date on which it was imposed.  See Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

Consequently, even though Petitioner was borrowed from the Pennsylvania authorities by federal authorities pursuant to a writ of habeas corpus *ad prosequendum* on October 15, 2007, Pennsylvania did not relinquish its primary jurisdiction over Petitioner until he completed his non-federal sentence on or about March 16, 2010, see Rios v. Wiley, 201 F.3d 257, 274-76 (3d Cir. 2000),[1] and therefore, the BOP correctly determined the commencement of Petitioner's federal sentence.

D.   Prior Custody Credit

---

[1]  Rios was superseded by statute on unrelated grounds to the extent that the court applied a version of the United States Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995.  See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

17

Nevertheless, Petitioner's basic argument seeks the imposition of a "retroactively concurrent" sentence that would award him credit for the time he served his state sentence before the federal sentence was actually imposed.  In other words, Petitioner's request for prior custody credit from October 15, 2007 to January 14, 2009, would appear to be based on a claim that the sentencing court intended to make his federal sentence "retroactively concurrent" with his state sentence pursuant to Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002).

In contrast, the Government contends that an award of prior custody credit for the time period of October 15, 2007 through January 14, 2009 is prohibited because it would constitute double credit contrary to the provisions of 18 U.S.C. § 3585(b).  See this Opinion at pp. 12-14, supra.  Prior custody credit may only be granted in this case for the time Petitioner spent in federal detention or other custody for which he did not receive credit towards another sentence.  The Government points out that the time between October 15, 2007 through January 14, 2009, while he was in federal detention under a writ of habeas corpus ad prosequendum, was credited towards Petitioner's Pennsylvania state sentence.  Therefore, the Government contends that Petitioner is not entitled to credit his federal sentence with time already credited against his state sentence.  See Wilson, 503 U.S. at 337; Rios v. Wiley, 210 F.3d at 274.  The BOP did

18

award Petitioner a total of nine days pre-federal sentence
custody credit for the time he spent in custody before the
commencement of his state sentence that had not been credited to
his Pennsylvania state sentence, pursuant to Willis, supra, 449
F.3d 923.

Because Petitioner appears to be arguing that the sentencing
court imposed a retroactively concurrent sentence similar to that
discussed in Ruggiano, this Court looks to Ruggiano for
instruction on this issue.  In Ruggiano, the United States Court
of Appeals for the Third Circuit held that in imposing a
sentence, a district court may grant an adjustment for time
served on a preexisting sentence pursuant to U.S.S.G. §
5G1.3(c).[2]  Under Ruggiano, a sentencing court may exercise this
option to grant an adjustment under § 5G1.3(c) by making the
federal sentence concurrent with the state sentence for the full
period of the preexisting sentence (retroactively concurrent) or

---

[2]  A federal court's authority to order that terms of
imprisonment imposed at different times shall run concurrently is
limited to cases in which the federal term of imprisonment is
imposed on a defendant who is already subject to an undischarged
term of imprisonment.  18 U.S.C. § 3584(a).  Under U.S.S.G.
§ 5G1.3(c), the court may impose a sentence "to run concurrently,
partially concurrently, or consecutively to the prior
undischarged term of imprisonment to achieve a reasonable
punishment for the instant offense."  U.S.S.G. § 5G1.3(c).
Further, under U.S.S.G. §5G1.3(b), a concurrent sentence is
mandatory and shall be imposed to run concurrently to an
undischarged sentence when "the undischarged term of imprisonment
resulted from offense(s) that have been fully taken into account
in the determination of the offense level for the instant
offense."  U.S.S.G. § 5G1.3(b).

only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.  In other words, U.S.S.G. § 5G1.3(c) allows a federal court to award a concurrent sentence in a manner that would require the BOP to give credit for the time petitioner spent in federal detention even though that time already was credited toward service of his non-federal sentence.

Of relevance in Ruggiano, the sentencing judge stated "that he thought it appropriate to go ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time that he served there."  Id., 307 F.3d at 124. "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence.  Defendant to receive credit for time served.'"  Id.  The Third Circuit found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

The Third Circuit explained that the sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  See Ruggiano, 307 F.3d at 131–33.  Specifically, the "adjustment" that the sentencing court exclusively can award

under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction.  But a 2003 amendment to the 5G1.3 Application Notes provided that subsection (c) does not authorize an adjustment for time served on a prior undischarged term of imprisonment, and that a sentencing court may consider a downward departure in extraordinary cases.[3]  See U.S.S.G. Manual § 5G1.3 app. Note 3(E); Escribano v. Shultz, 330 Fed. Appx. 21, 23 fn. 6 (3d Cir. May 21, 2009).

To determine what type of "adjustment" the sentencing court intended to apply, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives."  Rios v. Wiley, supra, 201 F.3d at 264.  When the oral pronouncement of sentence and written sentence are

---

[3]  In Ruggiano, the United States Court of Appeals for the Third Circuit held that in imposing a sentence, a federal district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).  Notably, the application note 3(E) to § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. N. 3(E)(2003)) appears to be in conflict with the holding in Ruggiano.  The note provides that, "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment."  Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment.  Notwithstanding this note, Ruggiano remains the controlling precedent.  While the Third Circuit has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "precedential" opinion.  See United States v. Destio, 153 Fed. Appx. 888, 893-94 (3d Cir. 2005).

in conflict, the oral sentence prevails.  See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991).  However, when there is no conflict, "but rather only ambiguity in either or both [sentence pronouncements], we have recognized that the controlling oral sentence 'often [consists of] spontaneous remarks' that are 'addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law.'"  Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d at 268).  Importantly, "in interpreting the oral statement, we have recognized that the context in which this statement is made is essential."  Id. at 134.

Hence, for the purposes of addressing Petitioner's challenges, this Court would have to first examine the oral statements made by Judge O'Malley during Petitioner's sentencing and, if the Court detects: (a) no conflict between Judge O'Malley's oral statements and the judgment of conviction rendered by her; but (b) an ambiguity in either one of these pronouncements, then this Court would have to examine the context of Judge O'Malley's oral statements to determine what prompted the Judge's oral comments and what was the Judge's intent when she sentenced Petitioner.  Consequently, although the written text employed by Judge in the judgment of conviction is important, it is not decisive.

22

In the present case, the Judgment and Commitment Order issued by the federal sentencing court shows that the court imposed a term of 120 months of imprisonment that was to "run concurrent with sentence imposed in State case #2343-2005, Beaver County Court of Common Pleas, Beaver, PA" and that the "defendant shall be designated for placement at FCI Fort Dix, NJ," and that the "defendant shall receive credit for time served in Federal custody." (Ramsdell Decl., Ex. 3 - Judgment and Commitment Order at pg. 2). This language differs slightly, but significantly, from that employed by the sentencing court in Ruggiano, which did not expressly refer to time served in federal custody. Consequently, it is strongly indicative from the use of the words "federal custody" that Judge O'Malley intended to allow Petitioner credit only for that time he actually served in federal custody. There is no indication that time spent in state custody serving a state sentence prior to imposition of his federal sentence should be credited.

Because the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the earlier-imposed sentence, it is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without any discussion. See 18 U.S.C. § 3584; Ruggiano, 307 F.3d at 133. (3d Cir. 2002). For this reason, the Court will examine the

23

sentencing transcript and the discussion that took place concerning the imposition of the federal sentence concurrent with the then-undischarged state sentence.

A review of the sentencing transcript shows that Judge O'Malley spent considerable time discussing the extent to which any credit may be awarded Petitioner before his federal sentence was imposed.  The sentencing transcript shows that the Judge O'Malley intended to have Petitioner's federal sentence run concurrent with his state sentence.  But Judge O'Malley was equally clear in stating that it would be the BOP's discretion to determine any additional credit to which Petitioner may be entitled.  Specifically, the court stated:

> THE COURT: ... So that the Defendant isn't technically in
> federal custody.  Even now he is here on a writ.  Having
> said that, I will make this concurrent with the state
> sentence, and the Bureau of Prisons can figure that out.
> ...
> THE COURT: So at a minimum, whatever time he has left on the
> state sentence will be counted against this sentence.
> ...
> THE COURT: And it may be that the Bureau of Prisons will
> believe that it is appropriate to give him additional credit
> for that, and they would have the authority and discretion
> that I don't have to do that.
> ...
> THE COURT: So I will simply say that he should get credit
> for time served in federal custody, and let the Bureau of
> Prisons figure out what that is to the extent it has
> existed, and I will say that the two sentences should run
> concurrent.
> And agin, I will let the Federal Bureau of Prisons determine
> what that means.  But it is clear that he will receive some
> benefit from those conclusions.

(Sentencing Transcript 31:15-32:23).

Thus, from this language employed by Judge O'Malley, it is clear that the sentencing court did not intend to award Petitioner any additional credit that was not permissible under federal statute, and that it was the responsibility of the BOP to make the determination as to what amount of prior custody credit Petitioner may have been entitled to receive. No where in the sentencing proceeding does the sentencing court expressly or impliedly grant Petitioner "fifteen (15) months of jail credit time which represents the time from his arrest (October 15, 2007) to his sentencing (January 14, 2009)." (Petition at pg. 4).

Moreover, while the sentencing judge need not cite applicable statutory or sentencing guidelines when imposing the sentence, see Ruggiano, 129 F.3d at 134, in this case, there is simply no expression of intent by Judge O'Malley at the sentencing hearing to suggest that she intended to impose a retroactively concurrent sentence as that found in Ruggiano. Judge O'Malley simply stated that some credit should be given, but the court did not expressly state that the sentence should be made retroactively concurrent. Rather, as discussed above, the court expressly stated several times that the BOP would determine any prior custody credit that Petitioner might be entitled. Further, Judge O'Malley did not mention the application of U.S.S.G. § 5G1.3(c) during the sentencing hearing. There is no indication of any kind in the transcript provided that the sentencing court intended to credit petitioner for time served on

25

his non-federal sentence that was credited to his non-federal
sentence, which would be contrary to 18 U.S.C. § 3585(b).  The
court plainly acknowledged that the time Petitioner spent in
detention at the Northeast Correctional Center was pursuant to a
writ of habeas corpus *ad prosequendum*, which is not deemed
federal custody to the extent that that time spent there actually
was credited to his state sentence.  The sentencing court also
noted that the state sentence was imposed for a conviction on
charges unrelated to the federal offense, and thus his federal
crack cocaine charges did not include any component related to
his unrelated state heroin charges for which he was serving his
state sentence.

    Nevertheless, Petitioner relies substantially on United
States v. Dorsey, 166 F.3d 558 (3d Cir. 1999) in support of his
claim for the 15 month jail time credit.  In Dorsey, the United
States Court of Appeals for the Third Circuit held that, under
certain provisions of the U.S. Sentencing Guidelines, namely,
U.S.S.G. § 5G1.3 cmt. 2, a sentencing court did have the power to
shorten a guidelines sentence to take account on time served by
the defendant as a result of a conviction in a state court in
certain circumstances.[4]  166 F.3d at 562.  The Third Circuit
noted that if the sentencing court decides to impose a sentence
less than the guideline range to give "credit" for that portion

_____

    [4]  To the same end, in Ruggiano, the Third Circuit ruled
that the BOP must honor a sentencing court's determination
pursuant to U.S.S.G. 5G1.3 cmt. N. 2 even if the determination
was in the form of a recommendation.  Ruggiano, 307 F.3d at 133.

of a state sentence which was served before the imposition of the federal sentence, the Court should impose the lesser sentence and then "... should note on the sentencing order what it has done so that the adjustment is not confused with a departure from the guideline range but rather recognized as a 'credit[]' under § 5G1.3(b) for time served 'that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).'" 166 F.3d at 560.

This Court finds that Dorsey actually supports the BOP's decision in this case denying credit for the time Petitioner had already served on his state sentence before his federal sentence was imposed.  Indeed, in Dorsey, the Third Circuit specifically stated that "[t]his represents a period of imprisonment that *would not* have been credited to the federal sentence by the BOP, as the BOP's later decision confirmed, because it represented a time that the appellant was already serving on his state sentence." Dorsey, 166 F.3d at 560 (emphasis in original).

Thus, for the reasons as discussed above, it is plain that Judge O'Malley did not intend to impose a retroactively concurrent sentence, but rather, expressly stated that any credit to be given Petitioner with respect to the 15 month period at issue for time spent in federal custody before the imposition of his federal sentence was to be determined by the BOP, consistent with the BOP's authorized discretion under 18 U.S.C. § 3585(b).

Finally, to the extent that Petitioner may be arguing that he is entitled to credit pursuant to § 5G1.3(b), such a claim

presumes an error by the sentencing court that must be brought
before the sentencing court via a motion under 28 U.S.C. § 2255.
This Court lacks jurisdiction to grant Petitioner his requested
credit under § 5G1.3(b).  Indeed, if Petitioner is suggesting
that the sentencing court erred in not awarding him the sought-
for credit under § 5G1.3(b), his claim initially should have been
raised on direct appeal.  Petitioner did not raise this challenge
on direct appeal,[5] and only recently, has filed a motion before
the sentencing court to amend the judgment.  (See January 11,
2012 Motion to Amend Judgment, Docket entry no. 56 in United
States v. Conover, Case No. 4:07-CR-0495-BYP-1, United States
District Court for the Northern District of Ohio (Youngstown)).

---

[5]  On direct appeal, it appears that Petitioner only argued
that the district court erred in denying his request to impose a
sentence below the statutory mandatory minimum based on a claim
of sentencing entrapment.  The Sixth Circuit rejected this
argument and found that Petitioner had entered a valid guilty.
The Sixth Circuit also found that there was no arguable basis on
which to challenge Petitioner's sentence, stating:

> After United States v. Booker, 543 U.S. 220 (2005), we
> generally review sentences for "reasonableness."  See Gall
> v. United States, 552 U.S. 38, 51 (2007).  In this case,
> however, a challenge to the reasonableness of Conover's
> sentence is foreclosed because the district court imposed
> the minimum sentence mandated by statute.  See United States
> v. Franklin, 499 F.3d 578, 584-86 (6th Cir. 2007)(noting
> that the sentencing court lacks discretion to disregard a
> mandatory minimum sentence).  The exclusive means by which a
> district court may sentence a defendant below a statutory
> mandatory minimum are set forth in 18 U.S.C. §§ 3553(e) and
> 3553(f), see United States v. McIntosh, 484 F.3d 832, 835
> (6th Cir. 2007), and neither applies here.

(See September 29, 2010 Order, United States Court of Appeals for
the Sixth Circuit, No. 09-3130, Docket entry no. 54 in United
States v. Conover, Case No. 4:07-CR-0495-BYP-1, United States
District Court for the Northern District of Ohio (Youngstown)).

Therefore, this Court determines that the sentencing judge in this case intended that the federal sentence run concurrently with the state sentence commencing on the effective date of the federal sentence, namely January 14, 2009, which was the date on which the federal sentence was imposed.  The Court finds no evidence that the sentencing judge intended to grant any adjustment for time served under the state sentence prior to January 14, 2009, unless it was determined by the BOP that any of that time was in fact spent in federal custody and could be credited under § 3585(b).  Accordingly, the writ of habeas corpus will be denied.

### CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated:    **February 23, 2012**