UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


CURTIS CONOVER,                :
                               :   Civil Action No. 11-1614 (JBS)
            Petitioner,        :
                               :
         v.                    :   **ORDER AND FINDINGS OF FACT**
                               :       **ON LIMITED REMAND**
UNITED STATES OF AMERICA,      :
et al.,                        :
                               :
            Respondents.       :


    This matter having come before the Court upon remand by the United States Court of Appeals for the Third Circuit for the limited purpose of making factual findings as to when Petitioner deposited his Notice of Appeal in the internal mail system at FCI Fort Dix and any other facts relative to determining appellate jurisdiction (Docket Entry # 12); and the Court having issued an Order to Show Cause directing the parties to address the limited issue on remand (Dkt. # 13); and Petitioner having filed no response to the Order to Show Cause; and Respondents having submitted a response to the Order to Show Cause including information and documentation concerning the internal mail system at FCI Fort Dix and Petitioner's use of the internal mail system during the relevant time period at issue; and the Court having considered the submissions of the parties, for the

reasons explained in the Opinion of today's date and for good cause shown;

The Court FINDS as follows:

1. There is an established internal mail system at FCI Fort Dix for outgoing inmate mail that provides separate procedures for outgoing general correspondence and outgoing special/legal mail.

2. Outgoing special/legal mail sent by an inmate must be hand delivered to his Unit Team, where it is entered in a Unit logbook for special/legal mail, which records the date, inmate name and register number, addressee, housing unit number and staff signature.

3. The Unit logbook for Unit 5711, where Petitioner has been housed since March 26, 2010, shows no special/legal mail sent by Petitioner during the relevant months of February, March and April 2012.

4. Petitioner did not use special/legal mail to file his Notice of Appeal.

5. There is a mail depository for outgoing inmate general correspondence at each inmate housing unit. To utilize outgoing general correspondence, an inmate seals his mail item and places it in his housing unit's mail depository.

6. Each weekday morning (Monday through Friday, excluding federal holidays), the Morning Watch Compound Officer collects

outgoing mail from the general correspondence mail depositories in each housing unit and delivers the collected outgoing mail to the vestibule of the Compound Control Center for safekeeping until the Mail Room staff arrive.  The Mail Room staff retrieves the outgoing general correspondence mail from the vestibule by 7:30 AM, and takes that mail to the Mail Room in the Core Services Building.  Then all outgoing mail is taken by the Mail Room staff to the local United States Post Office by 9:00 AM each day, Monday through Friday, excluding federal holidays.

7. FCI Fort Dix does not maintain a log or any other record of outgoing general correspondence sent by inmates.

8. There is no record of receipt of Petitioner's Notice of Appeal by the Clerk of the Court in March or April 2012, which would be noted on the docket in this matter.

9. The Assistant U.S. Attorney assigned to this matter declares that the U.S. Attorney's Office never received a mailed copy of the Notice of Appeal in 2012 or 2013.  Rather, notification of Petitioner's Notice of Appeal was received via Notice of Electronic Filing for Docket Entry # 9, on January 18, 2013.

10. Petitioner's Notice of Appeal, bearing an unsigned Certificate of Service dated March 2, 2012, was received by the Clerk of the U.S. District Court in Camden, New Jersey, on January 17, 2013.  (Dkt # 9.)

11. The Notice of Appeal was contained in an envelope properly addressed to the Clerk of Court, with proper postage, bearing the postmark "Trenton NJ 085 – 14 JAN 2013 PM61." (Dkt. # 9 at p. 3.)

12. All of the above facts and documentary evidence indicate that Petitioner mailed his Notice of Appeal by use of outgoing inmate general correspondence procedures long after the 60-day filing deadline for Petitioner's notice of appeal pursuant to Fed.R.App.P. 4(a)(1)(B).

13. There is no evidence to prove that the Notice of Appeal was deposited as special/legal mail with the established internal mail system at FCI Fort Dix. Accordingly, this Court finds that Petitioner cannot rely on the prison mailbox rule for timely filing of his Notice of Appeal under Fed.R.App.P. 4(c)(1) necessary to confer appellate jurisdiction.

THEREFORE, in light of the Court's findings of fact, as stated above, and in the Court's accompanying Opinion of today's date,

IT IS this __**14th**__ day of **August, 2013** hereby:

ORDERED AND ADJUDGED that Petitioner failed to deposit his Notice of Appeal within sixty (60) days of February 23, 2012, into the established internal mail system at FCI Fort Dix; and it is further

4

ORDERED that Clerk of the Court shall serve a copy of this Order and accompanying Opinion upon Respondents electronically, and upon Petitioner by regular mail, and the Clerk is directed to close the file accordingly.

                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE, Chief Judge
                                          United States District Court